**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 08 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WAH YUET (USA), INC., | No. 06-55709 |
| Plaintiff, | D.C. No. CV-04-09145-CAS |
| and | |
| YONG LI CHEN, | MEMORANDUM* |
| Plaintiff - Appellant, | |
| v. | |
| ERIC H. HOLDER Jr., Attorney General; TOM RIDGE, Secretary of the United States Department of Homeland Security; DONALD NEUFELD, Director of the United States Citizenship and Immigration Services; US CITIZENSHIP AND IMMIGRATION SERVICES, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted March 3, 2010[]
Pasadena, California

Before: GOULD, IKUTA and N.R. SMITH, Circuit Judges.

Because the Immigration and Naturalization Service (now U.S. Citizenship and Immigration Services ("USCIS")) received a report from an agent of the anti-fraud unit of the Consulate General indicating that Wah Yuet no longer maintained a qualifying relationship with its former parent company, *see* 8 U.S.C. § 1153(b)(1)(C), 8 C.F.R. § 204.5(j)(2), substantial evidence supports USCIS's determination that there was "good and sufficient cause" to revoke Wah Yuet's I-140, 8 U.S.C. § 1155. No record evidence compels the conclusion, contrary to that of USCIS, that such a qualifying relationship continued to exist "at the time the [revocation] decision was issued." *Herrera v. U.S. Citizenship & Immigration Servs.*, 571 F.3d 881, 886 (9th Cir. 2009). Indeed, no record evidence indicates any continuing relationship between Wah Yuet and its one-time parent corporation after 1997.

Furthermore, the Administrative Appeals Office ("AAO") did not abuse its discretion in dismissing Chen's appeal. Substantial evidence supports the AAO's

---

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

conclusion that USCIS sent a Notice of Intent to Revoke ("NOIR") to the proper address on file. The record does not compel the conclusion that written notification of Wah Yuet's change of address was filed with the INS prior to the date of the NOIR. *See* 8 C.F.R. § 205.2.

Because in the wake of the revocation of the I-140 Chen could not demonstrate that he was "eligible to receive an immigrant visa" as required by 8 U.S.C. § 1255(a), USCIS did not abuse its discretion in denying Chen's I-485 application for adjustment of status. The Portability Provision, 8 U.S.C. § 1154(j), is inapplicable to this case. *See Herrera*, 571 F.3d at 889.

**AFFIRMED.**